DISTRICT COURT OF THE VIRGIN ISLANDS
DIVISION OF ST. CROIX

|  |  |  |
|---|---|---|
| COAKLEY BAY LJS L.L.C., | ) ) ) |  |
| Plaintiff, | ) ) |  |
| v. | ) ) ) | Civil Action No. 2013-036 |
| COAKLEY BAY ASSOCIATION, JOHN N. MASON, DWAIN FORD, PAUL BAKER, PAMELA PRICE, ERIC JOYCE, KENNETH MAPP, CYNTHIA TAYLOR, ROBERT WALDMAN and AINA BERGEREN, | ) ) ) ) ) ) |  |
| Defendants. | ) ) ) |  |

**Attorneys:**
**Bruce P. Bennett, Esq.,**
Brookfield, CT,
  *For the Plaintiff*

**Mark W. Eckard, Esq.,**
St. Croix, U.S.V.I.
  *For the Defendants*

## <u>MEMORANDUM OPINION</u>

**Lewis, Chief Judge**

THIS MATTER is before the Court on Defendants' "Motion to Dismiss Fourth Amended Complaint" (Dkt. No. 26).  For the reasons that follow, the Court will deny Defendants' Motion, without prejudice, and allow Plaintiff three months within which to complete jurisdictional discovery.

### I.   BACKGROUND

Plaintiff, a Massachusetts company managed by Leonard Samia, owns two condominium units within the Coakley Bay condominium complex ("Coakley Bay") on St. Croix.  (Dkt. No. 25

at 2). Coakley Bay is managed by the Coakley Bay Association ("Association"), which is an unincorporated group of all condominium owners of record. *See Association "Amended and Restated By-Laws,"* http://www.coakleybay.org/bylaw.html (last visited September 8, 2014). The complex is managed by a Board of Directors ("Board"), elected annually and comprised of some of the individual Defendants named in the instant suit.

In its suit Plaintiff states that in 2009 Defendants installed a diesel-powered generator directly next to the units it owns, and that the generator remains in frequent use. (Dkt. No. 25 at 3). It alleges that the generator emits toxic fumes and vibrates when in use such that occupation of either of its two units is "unsafe and dangerous" while the generator is in operation. *Id.* Plaintiff further alleges that the Association lacks an operating permit for the generator, and that ongoing use of the generator in its current location violates the Virgin Islands Air Pollution Act. (Dkt. No. 25 at 3-4). Plaintiff asserts claims for: (1) breach of fiduciary duty; (2) breach of contract; (3) nuisance; (4) negligence and; (5) negligence *per se*, and seeks injunctive relief and damages for the alleged harm suffered as a result of the generator operation. (Dkt. No. 25 at 4-7).[1] Plaintiff contends that this Court has jurisdiction over its suit pursuant to 28 U.S.C. § 1332 given that complete diversity of citizenship exists and the amount in controversy exceeds $75,000. (Dkt. No. 25 at 1). It states that it is a citizen of Massachusetts, while all Defendants are not. (Dkt. No. 25 at 2).

Defendants brought the instant Motion pursuant to Federal Rule of Civil Procedure

---

[1] Plaintiff has amended its Complaint multiple times. (Dkt. Nos. 1-3, 19, 25). The governing Complaint is the Fourth Amended Complaint. (Dkt. No. 25). Defendants' previous Motions to Dismiss were directed at now inoperative complaints, and will thus be denied as moot. *See Santiago v. Warminster Twp.,* 629 F.3d 121, 126 (3d Cir. 2010) (earlier iterations of complaint non-operative, only amended complaint properly before the court); *Wagner v. Choice Home Lending*, 266 F.R.D. 354, 360 (D. Ariz. 2009) ("As both motions pertain to Plaintiff's original complaint and Plaintiff has since filed an Amended Complaint, both motions are now moot.").

12(b)(1), attacking the Complaint as facially defective and seeking dismissal for the resulting lack of subject matter jurisdiction. (Dkt. No. 27 at 2-7). They contend that Plaintiff failed to plead the Association members' individual citizenship, rendering its "attempt to plead diversity . . . woefully inadequate to satisfy the facial requirements to plead diversity jurisdiction." (Dkt. No. 27 at 7).[2] Plaintiff acknowledges that it has not identified the citizenship of all Association members. (Dkt. No. 30 at 2). It contends, however, that jurisdictional discovery rather than dismissal is the proper remedy for any deficiency in its attempt to plead diversity, and seeks 90 days to conduct such discovery. (Dkt. No. 30 at 3).

The Court agrees with Defendants as to the deficiency, and with Plaintiff as to the remedy. Accordingly, the Court will allow jurisdictional discovery and afford Plaintiff an opportunity to cure the deficiency in the Complaint.

## II. DISCUSSION

### A. Applicable Law

A Motion to Dismiss brought under Rule 12(b)(1) is directed at the Court's subject matter jurisdiction, and challenges the Court's authority to hear a case. *Robinson v. Dalton,* 107 F.3d 1018, 1021 (3d Cir. 1997); Fed. R. Civ. P. 12(b)(1). Rule 12(b)(1) motions may be facial or factual attacks. The former challenges "whether the allegations on the face of the complaint, taken as true, allege facts sufficient to invoke the jurisdiction of the district court." *Common Cause of Pa. v. Pennsylvania,* 558 F.3d 249, 257 (3d Cir.2009) (citing *Taliaferro v. Darby Twp. Zoning Bd.,* 458 F.3d 181, 188 (3d Cir. 2006)). A factual attack, in contrast, challenges the existence of facts sufficient to confer subject matter jurisdiction. *Carpet Grp. Int'l. v. Oriental Rug Imps.*

---

[2] Defendants also argue that dismissal is appropriate under Rule 12(b)(6), for failure to state a claim upon which relief may be granted. (Dkt. No. 27 at 7). Because the Court has not yet determined whether jurisdiction lies over the suit, it need not reach the Rule 12(b)(6) argument at this juncture.

*Ass'n, Inc.,* 227 F.3d 62, 69 (3d Cir. 2000), *overruled in part on other grounds by Animal Sci. Prods. v. China Minmetals Corp.,* 654 F.3d 462 (3d Cir. 2011). A Rule 12(b)(1) motion filed before a defendant has filed an answer or conducted discovery is by necessity a facial attack. *Askew v. Trs. of the Gen. Assembly of the Church of the Lord Jesus Christ of Apostolic Faith,* 684 F.3d 413, 417 (3d Cir. 2012) (motion to dismiss under Rule 12(b)(1) filed before discovery is necessarily a facial attack because the facts have not yet been established). Here, the parties have not yet conducted discovery. Accordingly, the Court looks to the face of the Fourth Amended Complaint to determine whether it pleads facts sufficient to invoke this Court's jurisdiction. *See Common Cause of Pa.,* 558 F.3d at 257; *FirstBank Puerto Rico v. AMJ, Inc.*, 2013 WL 4766538, *2 (D.V.I. Sept. 4, 2013).

District courts have diversity jurisdiction over civil actions if (1) all opposing litigants are citizens of different states and (2) the amount in controversy exceeds $75,000. 28 U.S.C. § 1332(a). Complete diversity between Plaintiff and *all D*efendants in the action is required for a court to have jurisdiction. *See Kaufman v. Allstate N.J. Ins. Co.,* 561 F.3d 144, 148 (3d Cir. 2009). Plaintiff alleges that it is a Massachusetts citizen, and therefore, must properly allege that all of the Defendants are citizens of other states, territories, or countries in order to survive Defendants' Motion. *See Id.,* 561 F.3d at 148. For an unincorporated association, citizenship is determined by the citizenship of all association members. *Zambelli Fireworks Mfg. Co., Inc. v. Wood*, 592 F.3d 412, 420 (3d Cir. 2010) (citing cases from eight other circuits). In other words, an unincorporated association "takes on the citizenship of each of its [members]." *Id.*, 592 F.3d at 419 (citing *Swiger v. Allegheny Energy, Inc.*, 540 F.3d 179, 182 (3d Cir. 2008). Accordingly, Defendant Association of Coakley Bay is a citizen of all states, territories or countries of which its members—the condominium owners—are citizens. In order for jurisdiction to properly lie in this Court,

4

Plaintiff must therefore plead diversity based on the citizenship of all Association members in addition to meeting the amount in controversy requirement.

"Courts are to assist the plaintiff by allowing jurisdictional discovery unless the plaintiff's claim is 'clearly frivolous.'" *Toys "R" Us, Inc. v. Step Two, S.A.*, 318 F.3d 446, 456 (3d Cir. 2003) (quoting *Massachusetts School of Law at Andover, Inc. v. American Bar Ass'n,* 107 F.3d 1026, 1042 (3d Cir.1997)) (allowing jurisdictional discovery to establish personal jurisdiction). The Third Circuit has "not directly addressed [the] question of whether jurisdictional discovery is available to assist in resolving uncertainties about diversity jurisdiction," but has repeatedly affirmed allowance of jurisdictional discovery to resolve other dispositive jurisdictional questions. *Fifth Third Bank v. Flatrock 3, L.L.C.*, 2010 WL 2998305, *4 (D.N.J. July 21, 2010) (internal citations omitted); *see,* e.*g., USX Corp. v. Adriatic Ins. Co.*, 345 F.3d 190, 198 (3d Cir. 2003) (allowing discovery to determine whether party was an "agency or instrumentality of a foreign state"); *Toys "R" Us, Inc.*, 318 F.3d at 456 (collecting cases); *cf. Emerald Investors Trust v. Gaunt Parsippany Partners*, 492 F.3d 192, 203 (3d Cir. 2007) (denying jurisdictional discovery on citizenship question where it would place a "great and unnecessary burden" on litigants). However, District Courts within the Third Circuit, including this Court, have allowed jurisdictional discovery where such discovery can establish or preclude diversity jurisdiction. *See, e.g., Doolin v. Kasin,* 2012 WL 851124, *2 (D.V.I. Mar. 14, 2012) (jurisdictional discovery allowed to uncover the relationship between parties that affected diversity); *Sapphire Beach Resort & Marina Condo. Ass'n Revocable Trust v. Pacheco-Bonanno*, 2008 WL 2787300, *1 n.2 (D.V.I. July 14, 2008) (permitting limited jurisdictional discovery to determine subject matter jurisdiction); *Rowen Petroleum Props., LLC v. Hollywood Tanning Systems, Inc.,* 2009 WL 1085737, *7 n. 11 (D.N.J. Apr. 20, 2011); *Coleman v. Chase Home Finance, LLC,* 2009 WL

5

1323598, *3–4 (D.N.J. May 11, 2009) ("the Court will instruct the parties to engage in jurisdictional discovery in order to concretely establish—or not—this Court's jurisdiction over this limited liability company defendant."). Jurisdictional discovery is thus allowable to resolve whether jurisdiction lies with this Court, provided such discovery does not place a "great and unnecessary burden" on litigants. *Emerald Investors Trust*, 492 F.3d at 203.

Having set forth the applicable legal principles, the Court now turns to the Complaint and sufficiency of the pleading in this case.

### B. Analysis

In order for diversity jurisdiction to lie, Plaintiff must be diverse from all Defendants. *Kaufman,* 561 F.3d at 148. Where an unincorporated association, such as the Coakley Bay Association, is a Defendant, it maintains the citizenship of all members. *Zambelli*, 592 F.3d at 420; *AMJ, Inc.*, 2013 WL 4766538 at *4. Here, Plaintiff states that "[u]pon information and belief, Defendant, Coakley Bay Association . . . is not a citizen of the State of Massachusetts." (Dkt. No. 25 at ¶5). It does not, however, state the citizenship of each member of the Association.

In their Motion, Defendants argue that Plaintiff's Fourth Amended Complaint is facially deficient because it has not made a meaningful allegation regarding the citizenship of each Association member. (Dkt. No. 27). Plaintiff admits, in its Opposition, that it has not established the citizenship of each member of the Association nor made an attempt to verify its jurisdictional claim. (Dkt No. 30). Its pleading thus cannot be based on actual "information or belief." In considering a facial attack, the Court generally takes the Complaint's allegations as true. *See AMJ, Inc.*, 2013 WL 4766538 at *4. Where the allegations are based on mere conjecture, however, the Court is not similarly obligated. *See In re Schering Plough Corp. Intron/Temodar Consumer Class Action,* 678 F.3d 235, 248 (3d Cir. 2012) (court need not take pure conjecture as

6

true). Because Plaintiff has not actually established or pleaded the citizenship of all Association members—and thus the citizenship of the Association—the Court finds that it has not properly pled diversity of citizenship as to Defendant Association. *See AMJ, Inc.*, 2013 WL 4766538 at *4. The Fourth Amended Complaint, therefore, is deficient in this regard and jurisdiction must be properly pled before the case may proceed.

Plaintiff argues that it is prevented from properly pleading the Association's citizenship because the information required to do so is in Defendants' hands. (Dkt. No. 30 at 2-3). Defendants indicate, in their Reply, that Plaintiff has access to the information needed, and that they have provided Plaintiff with information as to multiple Association members that are non-diverse from Plaintiff. (Dkt. No. 31). Where there are uncertainties regarding diversity jurisdiction, jurisdictional discovery—rather than dismissal—is an appropriate remedy. *See Doolin,* 2012 WL 851124 at *2.[3] Accordingly, Plaintiff will be allowed discovery limited to resolving the jurisdictional question, and time to file an amended complaint, if appropriate.

Defendants assert that there are at least three Association members who are citizens of Massachusetts, and thus Plaintiff is not diverse from the Association. (Dkt. No. 31 at 3). Because the Association is comprised of approximately 100 members, in the interest of economy and in order to avoid placing an unnecessary burden on litigants, Plaintiff will be required to first conduct

---

[3] Defendants also argue that Plaintiff's Complaint should be dismissed because it has "now been given leave to amend its complaint (4) times," and emphasize that this is the "***Fourth***" amended Complaint. (Dkt. No. 27 at 6-7) (emphasis in document). The first two amendments came not on motions, however, but on Plaintiff's initiative prior to issuance of the summons. (Dkt. Nos. 2, 3). Plaintiff has thus amended twice since serving Defendants with process. Leave to amend should be "'freely given,'" because "[a]llowing amendments to correct errors in existing pleadings furthers the objectives of the federal rules that cases should be determined on their merits." *Ali v. Intertek Testing Servs. Caleb Brett*, 332 F. Supp. 2d 827, 829 (D.V.I. 2004) (quoting *Foman v. Davis,* 371 U.S. 178, 182 (1962); citing Charles Alan Wright, Arthur R. Miller & Mary Kay Kane, *Federal Practice and Procedure: Civil 2d* § 1474 (1990)). Accordingly, the Court will allow Plaintiff the opportunity to address the jurisdictional deficiency, if appropriate, through a further amendment to the Complaint.

discovery directed at determining the citizenship of those three Association members prior to engaging in additional jurisdictional discovery. Further discovery is permitted only if Plaintiff has a legitimate basis for asserting that the three members identified by Defendants are not citizens of Massachusetts.

## III.   CONCLUSION

For the foregoing reasons, Defendants' Motion to Dismiss will be denied without prejudice, and Plaintiff will be afforded additional time within which to complete jurisdictional discovery and to file an amended complaint. An appropriate Order accompanies this Opinion.

Date: September 8, 2014                                  _____/s/_____
                                                         WILMA A. LEWIS
                                                         Chief Judge